CHISHOLM BROS. v. FORNY ET AL.

CANTERBURY & CO. v. SAME.

MORSE & CO. v. SAME.

1. **Corporations**: LIABILITY OF STOCKHOLDERS FOR CORPORATE DEBTS: PURCHASE OF STOCK WITH WORTHLESS PATENT. Where a corporation was organized for the manufacture of a patented article, and the amount of capital stock was $10,000, all of which was taken by defendants in exchange for their interest in the patent, which proved to be worthless, *held* that defendants were personally liable to the creditors of the corporation to the extent of the stock so taken by them severally, under sections 1082 and 1084 of the Code.

*Appeal from Des Moines Circuit Court.*

TUESDAY, DECEMBER 9.

THESE causes were submitted on a single abstract. The petitions stated that the several plaintiffs recovered judgment against the Burlington Manufacturing Company, and that executions were issued, and a demand made on the last acting president of the corporation to point out corporation property upon which the same could be levied, and that he failed to do so; that the defendants are owners of certain shares of the capital stock of the corporation, for which they had paid nothing, and a judgment was asked against the defendants for the amount of the capital stock owned by each of them. The defendants answered the petition, and, in substance, pleaded that they and others were the owners of a valuable patent, for certain specified territory, for a new and improved churn, and were about to manufacture and vend said machine jointly, in a manner to be agreed upon; that afterwards a joint-stock corporation was organized, known as the Burlington Manufacturing Company, for the purpose of selling territory and manufacturing churns; that it was agreed by and between said corporation, the defendants, and other owners

of the patent, that they would sell it to the corporation for the sum of $10,000, payable in stock of the corporation. In accordance with this agreement the corporation was formed, the patent transferred to it for the price named, and stock issued to the defendants therefor; that said transaction was entered into in good faith, and that the patent was reasonably worth the sum above stated; that said corporation has disposed of the patent, and said contract cannot be rescinded and the parties placed in the same position they were in before it was entered into. The defendants also pleaded the statute of limitations. The plaintiff, in reply, stated that the patent was worthless, and its purchase, and the attempted release of defendants from their obligations to pay for the stock, was a device to defeat the rights of plaintiff, and a fraud upon it and other creditors of the corporation. Trial to the court, and judgment was rendered against the defendants, Forny and McIntire, and they appeal.

*Hall & Huston,* for appellants.

*P. Henry Smythe & Son,* for appellee.

SEEVERS, J.—No finding of facts was made by the court, and there is but little conflict in the evidence. Sprague was the owner of a patent, and he sold an interest therein to the defendants and others. Such interest was transferred to said parties. Appellants paid no "money or property" for the interest assigned to them, the consideration being their knowledge, experience, and supposed influence. At least, the court was warranted in so finding. It will be assumed that the appellants, at the time the patent was assigned to them, believed it was valuable. But the court, under the evidence, was warranted in finding that it was worthless. Afterwards the patent was transferred to the corporation, in consideration of $10,000 of its capital stock, which was issued to the appellants and others for the interest therein, which had been previously transferred to each of them by Sprague.

The capital stock of the corporation was fixed at $10,000; the only property owned by it was the patent. The corporation became indebted to the plaintiffs, who recovered judgment against it, and, there being no corporate property to satisfy the same, the question to be determined is whether the appellants are individually liable.

I. Persons dealing with the corporation had the right to assume that it owned available assets to the amount of the capital stock; that is to say, that, in consideration for the stock issued, the corporation had received money or property which would be available to pay any indebtedness incurred in its business. A patent is, as has been said, "a property in notion, and has no corporal, tangible substance," and cannot be levied on and sold under execution issuing from the state courts; and whether it can be sold on executions issuing from the federal courts is regarded as doubtful. *Stephens v. Cady*, 14 How., 528; *Stevens v. Gladding*, 17 How., 447. Until its usefulness has been established, the value of a patent right is purely speculative.

In the present case, the appellants believed the patent to be valuable, but it in fact was worthless. It was not and could not be made available for the purpose of paying the indebtedness of the corporation. In payment for the stock issued to them by the corporation, the defendants transferred to it their interest in this worthless patent. It seems to us, as was said in *Osgood v. King*, 42 Iowa, 478, that it would "be a reproach to the law," if, under these circumstances, the appellants are not individually liable to the creditors of the corporation to the extent of their subscription to the capital stock. As the appellants did not pay any value for their stock, they are liable in this action, under sections 1082 and 1084 of the Code. The former is as follows: "Neither anything in this chapter contained, nor any provisions in the articles of incorporation, shall exempt the stockholders from individual liability to the amount of the unpaid installments on the stock owned by them, or transferred by them

for the purpose of defrauding creditors; and execution against the company may, to that extent, be levied on the private property of any such individual," as provided in section 1084. Under the statute, the stockholder's liability is fixed by a simple failure to pay for the stock issued to him, and the right of the creditor is in no respect impaired for the reason that his interest in the patent cannot be returned. The creditor's right is independent of that of the corporation, and he is not required to proceed in equity and have the contract between the stockholders and the corporation rescinded. When the defendants received the stock, there was implied by law an obligation, as between them and the creditors of the corporation, that they would pay for it.

II.   As there was no written obligation executed by the defendants, it is said that the cause of action was barred in five years after it occurred. This action was commenced on the fifth day of September, 1882. We, however, are unable to determine from the abstract when the plaintiff's cause of action against the corporation accrued; and, conceding that the statute began to run at that time, we are unable to say that this action was barred when it was commenced.

AFFIRMED.